UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24566-CIV-WILLIAMS/SIMONTON

POPLAR OAKS, INC.,

    Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 73.49.7.45,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), ECF No. [4]. The Honorable Kathleen M. Williams, United States District Judge, has referred this motion to the undersigned Magistrate Judge to take all necessary and proper action as required by law, ECF No. [5]. For the following reasons, the Motion is granted.

On December 2, 2014, Plaintiff Poplar Oaks, Inc., filed a Complaint alleging that someone using the IP address 73.49.7.45, referred to as John Doe, infringed its copyrights by using the BitTorrent file distribution network to distribute digital files, as listed in Exhibits to the Complaint, containing Plaintiff's copyrighted material. This IP address is serviced by Comcast and has been traced to a physical location within the Southern District of Florida, ECF Nos. [1] at ¶ 5, [1-2], [1-3]. However, Plaintiff does not know John Doe's name or contact information and so cannot effect service.

According to the Motion, the only way Plaintiff can identify John Doe is through a subpoena under Rule 45 directing Comcast to provide identifying information for John Doe. Exhibit A to the Complaint provides the time that Defendant's IP address was associated with infringing activity. Based on this information, Comcast can use its

subscriber logs to identify the name, address, telephone number, and email address associated with the IP address at each of those times, ECF No. [4-2] at ¶ 11.  As Plaintiff cannot serve process upon an IP address, this is the only way that it can identify and serve John Doe.

Generally, a party may not propound discovery before a Rule 26(f) conference has taken place, but given that the defendant has not yet been identified, such a conference is not possible.  However, for a court to authorize a subpoena before a Rule 26(f) conference, there must be "good cause."  Fed. R. Civ. P. 26(b).  Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *TracFone Wireless, Inc. v. Holden Property Services, LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2004) (citation omitted).[1]

In this case, the Plaintiff has established good cause. First, the Plaintiff has established a prima facie claim of actionable harm by pleading unauthorized distribution of its copyrighted material and by listing the file hash value, the hit date for such file, and the copyright associated with the distributed file, ECF No. [1].  Second, due to the combination of (1) the anonymous nature of the BitTorrent file-sharing protocol and (2) statutory provisions requiring internet service providers ("ISPs") to maintain their

---

[1]  In the context of internet infringement cases involving defendants identifiable only by IP addresses, some Courts have examined whether good cause exists by evaluating various factors including: (1) the concreteness of the plaintiff's showing of a *prima facie* claim of actionable harm, (2) the absence of alternative means to obtain the subpoenaed information and the need for the subpoenaed information to advance the claim, and (3) the risk that an ISP will not preserve the information that the plaintiff seeks. *See e.g. Malibu Media, LLC v. Doe*, Case No. 2:14-cv-818, 2014 WL 3509767, *1 (S.D. Ohio July 14, 2014)*; Malibu Media, LLC v. Doe,* Case No. 2:13-CV-259-FTM-99, 2013 WL 2154818, *1 (M.D. Fla. May 17, 2013)*; UMG Recordings, Inc., v. Doe*, Case No. C 08-1193 SBA, 2008 WL 4104214, *4 (N.D. Cal. Sept. 3, 2008); Arista Records, LLC v. Does 1-7, Case No. 3:08-CV-18 (CDL), 2008 WL 542709, *1 (M.D. Ga. Feb. 25, 2008)*; Arista Records, LLC v. Does* 1-43, Case No. 07cv2357-LAB (POR), 2007 WL 4538697, *1 (S.D. Cal. Dec. 20, 2007).

customers' privacy, the Plaintiff is without an alternative means to obtain the information that it seeks.  There is also no guarantee that the ISP will retain the information that the Plaintiff seeks for an extended period of time.  Further, as there is no way to serve process upon an IP address, John Doe's name, address, telephone number and email address are needed to advance the Plaintiff's claim.  In this regard, the undersigned notes that the Plaintiff's request for John Doe's name, address, telephone number, and email address only seeks to obtain information sufficient to proceed in this matter.  The undersigned therefore concludes that the Plaintiff has established good cause to serve a third party Rule 45 subpoena prior to a Rule 26(f) conference.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint.  Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

      **(B)**    who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

    4.    Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** in chambers at Miami, Florida, on January 20, 2015.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF:
The Honorable Kathleen M. Williams,
    United States District Judge;
All counsel of record